989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Travis Earl FRANKS, Petitioner-Appellant,
v.
Eileen HOSKING, Warden, Respondent-Appellee.
 No. 92-6206.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1993.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Travis Franks, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Franks in February 1989 for one count of selling cocaine, one count of selling over 30 grams of cocaine, and two counts of conspiracy to sell or deliver over 30 grams of cocaine; the court sentenced him to 10 year and 50 year concurrent sentences. The court of criminal appeals upheld Franks's conviction and the Tennessee Supreme Court denied Franks's application to appeal. In his petition for a writ of habeas corpus, Franks argued that the law enforcement officials involved in the investigation leading to his arrest and conviction violated his due process rights by engaging in outrageous conduct. A magistrate judge concluded that the law enforcement officials had not committed acts that shock the conscience and that Franks had taken an active role in the commission of the crimes for which he was eventually convicted. Thus, he recommended that the petition be denied. Over Franks's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition. On appeal, Franks continues to argue the merits of the outrageous government conduct defense.
 
 
 3
 Upon review, we affirm the district court's judgment because Franks has not shown that his trial was fundamentally unfair or that the proceedings resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Franks has not shown that the government's level of involvement in the charged crime shocks the conscience nor has he shown that he was not an active participant. See United States v. Arditti, 955 F.2d 331, 343 (5th Cir.1992), cert. denied, 113 S.Ct. 597 (1992); United States v. Johnson, 855 F.2d 299, 305 (6th Cir.1988).
 
 
 4
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.